UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

In Re:

DANIEL COY BURCH and
SHAWNDA RAYE BURCH,

Debtors.

Bankruptcy Case
No. 11-42042-JDP

_____

MEMORANDUM OF DECISION

_____

**Appearances:**

R. Sam Hopkins, Pocatello, Idaho, chapter 7 trustee.

Kelly Hirning, Pocatello, Idaho, *pro se*, representing Creditor
Hirning Buick GMC.

*Introduction*

The chapter 7[1] trustee, R. Sam Hopkins' ("Trustee"), objected to the

proof of claim filed by Hirning Buick GMC ("Creditor") in the bankruptcy

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal
Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule"
references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 1

case of Daniel and Shawnda Burch ("Debtors").  Dkt. No. 48.  The Court

conducted a hearing on the objection on February 4, 2013, at which both

Trustee and Creditor, represented by its officer, Mr. Hirning, appeared and

argued.  The Court took Trustee's objection under advisement, and invited

the parties to file supplemental briefs.  Trustee filed a brief on February 8,

2013; Creditor did not file a brief.  Upon consideration of the submissions

and arguments presented, as well as the applicable law, the Court now

issues the following decision.  This Memorandum disposes of Trustee's

objection.  Fed. R. Bankr. P. 7052; 9014.

## *Facts*[2]

On June 25, 2009, articles of incorporation for D&S Automotive

Service and Diesel, Inc. ("D&S Auto") were filed with the Idaho Secretary

of State.  Dkt. No. 54.  The incorporation document named Daniel C. Burch

as the registered agent, indicated no board of directors would be named,

---

[2] The facts were not presented at the hearing nor in Trustee's brief.  The information set forth here was gleaned almost entirely from Debtors' schedules and Statement of Financial Affairs ("SOFA"), as well as from Creditor's proof of claim.

MEMORANDUM OF DECISION – 2

but that all duties conferred or imposed upon a board would be performed

by the officers of the corporation as set forth in the corporation's bylaws,

which are not in evidence. *Id*. The annual reports filed by D&S Auto in

April 2010 and July 2011 name Daniel C. Burch as President and Shawnda

R. Burch as Secretary. *Id*. On November 29, 2011, Daniel C. Burch, in his

capacity as corporate president, filed articles of dissolution with the Idaho

Secretary of State's office.[3] *Id*.

A few weeks later, on December 21, 2011, Debtors filed a chapter 7

bankruptcy petition. Dkt. No. 1. In their Statement of Financial Affairs,

Debtors indicate one or both of them is an officer, director, partner, or

managing executive of two businesses, one of which is D&S Auto, a full

service automobile repair shop. Dkt. No. 1, Q. No. 18.

Debtors listed Creditor as an unsecured business creditor on

schedule F, in the amount of $510.47. Dkt. No. 1. The debt is not listed as

contingent, disputed, or unliquidated. *Id*. The schedules also include

numerous other business debts. *Id*. On May 14, 2012, Creditor filed a

---

[3] The dissolution is effective immediately. Idaho Code § 30-1-1403(2).

MEMORANDUM OF DECISION – 3

proof of claim in the amount of $595.43.  Claims Reg. No. 8-1.  Attached to

the form are over twenty pages of documentation of Creditor's business

transactions with D&S Auto, including documents showing payments

were received by Creditor from D&S Auto.  *Id*.  The documents also show

that Creditor sued D&S Auto and Daniel Burch in small claims court prior

to the bankruptcy, but according to Mr. Hirning's comments at the

hearing, that action was stayed by the bankruptcy filing prior to entry of a

judgment.  *Id*.

On November 9, 2012, Trustee filed an objection to Creditor's claim,

Dkt. No. 48, to which Creditor responded on November 29, 2012, Dkt. No.

54.

### *Analysis and Disposition*

Trustee's objection to Creditor's claim is founded on his contention

that the debt is actually owed to Creditor by D&S Auto, rather than by

Debtors personally, and thus should be disallowed for purposes of

distribution in Debtors' bankruptcy.  Creditor, on the other hand, contends

that because D&S Auto has been dissolved as a business entity, then

MEMORANDUM OF DECISION – 4

Debtors become individually responsible for the debt as officers of the corporation.

Idaho law makes clear that a corporation's assets and debts do not automatically revert to its officers upon dissolution. Idaho Code § 30-1-1405(2)(a) (dissolution of a corporation does not transfer title to the corporation's property). Rather, once a corporate dissolution is filed with the Idaho Secretary of State's office, the corporation's existence is not terminated, but it may carry on only the business of winding up and liquidating its business affairs. Idaho Code § 30-1-1405(1); *In re Young*, 409 B.R. 508, 514, 09.3 IBCR 93, 95-96 (Bankr. D. Idaho 2009); *Wait v. Leavell Cattle, Inc.*, 41 P.3d 220, 222 (Idaho 2001).

Part of the winding up process involves collecting corporate assets and satisfying corporate liabilities. Idaho Code § 30-1-1405(1). Those assets and liabilities remain with the corporation during this winding up period, and a process for disposing of known and potential claims is provided by the statute. Idaho Code §§ 30-1-1406 and 30-1-1407. The corporation must satisfy its liabilities prior to distributing corporate assets

MEMORANDUM OF DECISION – 5

to shareholders.  Idaho Code § 30-1-1409(1); *In re Carlson*, 426 B.R. 840, 852

(Bankr. D. Idaho 2010) ("in winding up the business of a corporation, the

corporation must discharge its liabilities to corporate creditors prior to

making distributions to its shareholders"); *Wilson v. Baker Clothing, Co.*, 137

P. 896, 898-99 (Idaho 1913).

In short, the act of filing formal articles of dissolution does not

transfer the corporation's assets or debts to the officers/shareholders, in

this case, to the Debtors.  Instead, filing the dissolution articles commences

a process by which corporate assets are liquidated and liabilities are paid

and discharged.  Nothing about dissolution converts corporate assets or

liabilities to the officers' personal property, which may be accessed or

discharged in a personal bankruptcy.  Instead, the converse is true:  by

statute, corporate assets and liabilities remain tied to the corporation until

the winding up process is completed.

Here, Debtors correctly did not schedule corporate assets as their

own.  Dkt. No. 1.  They did, however, list a number of business debts,

including Creditor's, on their schedules.  Trustee noted this is a fairly

MEMORANDUM OF DECISION – 6

common practice by debtors.  Perhaps it is done out of an abundance of

caution, in case it can be proven that the debt was incurred personally, or

in the event a personal guarantee was signed by Debtors.  Trustee then

must methodically comb the schedules to determine whether a debt is

business or personal, and then object to proofs of claim for debts that

belong to the corporation rather than Debtors personally, as he did here.

Moreover, the fact that Debtors styled their bankruptcy petition as

Debtors "Individually, dba D&S Automotive; as President of D&S

Automotive & Diesel, Inc; and Manager of D&S Investments Capital, LLC"

is of no moment.  As this Court has stated,

> It is clear, under § 302(a) of the Code, that spouses
> may file a joint petition for relief.  However, an
> individual and his spouse are the only "persons,"
> as defined by [§ 101(41)], which may file a joint
> petition.  While a corporation or a partnership is
> also recognized as a "person" by the Code and
> may be a debtor under § 109, there is no provision
> in the Code authorizing such an entity to jointly
> file for relief with any other.

*In re Aldape Telford Glazier, Inc.*, 410, B.R. 60, 63, 09.3 IBCR 97, 97-98 (Bankr.

D. Idaho 2009) (quoting *Fitgerald v. Hudson (Matter of Clem)*, 29 B.R. 3, 4, 82

MEMORANDUM OF DECISION – 7

IBCR 205, 206 (Bankr. D. Idaho 1982)).  Accordingly, Debtors' petition may

not be treated as a filing on behalf of both Debtors and D&S Auto, and will

not serve to discharge debt belonging solely to the corporation.

The general rule is that the owners of a corporation are not

personally liable for a corporation's debts.  *Barlow's Inc. v. Bannock Cleaning*

*Corp.*, 647 P.2d 766, 770-71 (Idaho 1982).  In rare occurrences, a court may

pierce the corporate veil, which is the "judicial act of imposing personal

liability on otherwise immune corporate officers, directors, and

shareholders for the corporation's wrongful acts."  *VFP VC v. Dakota Co.*,

109 P.3d 714, 723 (Idaho 2005) (quoting *Black's Law Dictionary* 1184 (8th ed.

2004)).  Here, Creditor has neither asked this Court to pierce D&S Auto's

corporate veil, nor has it alleged the corporation acted wrongfully.

Creditor simply seeks to be paid what it is owed.  As the documents

attached to Creditor's proof of claim make clear, the debt is owed to

Creditor by D&S Auto, and not by Debtors in their individual capacities.

As such, Creditor must look to D&S Auto only, either in the claims process

associated with corporate dissolution, or through an independent judicial

MEMORANDUM OF DECISION – 8

action, such as small claims court, in order to have its debt resolved.[4]

### *Conclusion*

Because Debtors are not personally liable for D&S Auto's debts, and

because dissolution of the corporation does not alter that legal reality,

Trustee's objection to Creditor's proof of claim in Debtors' bankruptcy case

is well-founded and will be sustained by separate order.[5]

Dated:  March 11, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] By stepping into Debtors' shoes as corporate officers, Trustee may elect to undertake the dissolution of the company's assets and payments of its debts in hopes of generating additional funds for distribution to Debtors' creditors.  If he were to do so, presumably Creditor's claim would be entitled to payment in whole or part during the dissolution process.  The decision to wind up the corporation is a matter committed to Trustee's discretion in the administration of this bankruptcy estate.

[5] Of course, Creditor could have alleviated any concerns that Debtors would be personally liable for this account by simply requiring them to guarantee the account.

MEMORANDUM OF DECISION – 9